UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID BAUM, individually, and on behalf of )
all other similarly situated consumers,      )
                                             )
            Plaintiff,                       )
                                             )
     vs.                                     )   CLASS ACTION COMPLAINT
                                             )
CRANER, SATKIN, SCHEER, SCHWARTZ )
& HANNA, P.C.                                )
            Defendant.                       )
                                             )

Case No:

Plaintiff David Baum ("Plaintiff") alleges:

## PRELIMINARY STATEMENT

1.     This is an action for damages arising from Defendant's violations of the Fair Debt

Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURSIDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3.     Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4.     Plaintiff is a natural person, who at all relevant times has resided in Passaic, New Jersey

and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5.     Defendant is a New Jersey law firm located in Scotch Plains, New Jersey. Defendant is a

"debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in

that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

6.     The FDCPA heavily regulates all debt collection communication.

7.     The Act imposes specific requirements on debt collector's initial communications with consumers requiring five (5) specific disclosures in each communication.

8.     One substantive requirement that the Act requires be unequivocally disclosed is the identity of the current creditor. 15 USC 1692g(a)(2).

9.     On a date better known to Defendant, Plaintiff incurred a personal medical debt.

10.    In an attempt to collect said debt, Defendant sent Plaintiff a dunning letter on September 11, 2017. Exhibit A.

11.    Defendant's letter seeks to collect $22,055.00, but is otherwise scant on information.

12.    In fact, Defendant fails to disclose the current creditor of the debt.

13.    Within the letter, Defendant merely uses the term: "RE: Trustees of Columbia Univ" to identify information concerning where the debt was incurred.

14.    Plainly this provides no indication concerning whether this refers the current creditor or the original creditor.

15.    If a letter fails to disclose the required information clearly, it violates the FDCPA without further proof of confusion or showing of materiality. *See Janetos v. Fulton Friedman & Gullace, LLP*, 2016 U.S. App. LEXIS 6361 (7th Cir. 2016). Accordingly, Defendant's letter fails to convey the FDCPA required disclosures.

16.    In addition the above, Defendant's letter adds to the ambiguity concerning the identity of the current creditor, given the file number provided within the letter. Specifically, rather than

2

simply stating "file number," "Trustees of Columbia file number," or even "CSSH file number," Defendant writes MRS File #. This number bears no clear association to Trustees of Columbia or even the Defendant law firm. Therefore, Plaintiff is left in a position to believe that MRS is a reference to another creditor, perhaps debt collector MRS Associates or MRS BPO, both well-known collection agencies.

17.     Ultimately, because it is unclear whether Trustees of Columbia, Defendant, or a debt collector known as MRS is the current creditor of the debt, Defendant's letter violates the FDCPA.

18.     Notwithstanding the above, Defendant's letter also attempts to threaten Plaintiff with ambiguity by stating: "It is possible that hereafter interest and additional charges may be added to the balance noted above."

19.     In fact, the debt is not accruing interest, and other charges will not be added.

20.     Defendant intentionally chooses this vague language hoping to convince the consumer that if he pays now, the balance won't increase. In fact, there is no urgency because the balance will not increase in any event.

21.     Accordingly, Defendant's letter is also false and deceptive in violation Section 1692e of the FDCPA.

## CLASS ACTION ALLEGATIONS

### The Class

22.     Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated who have received similar debt collection notices and/or communications from Defendant which, as alleged herein, are in violation of the FDCPA.

23.     Plaintiff seeks certification of the following class, initially defined as follows:

**All consumers with mailing addresses within the State of New Jersey that have received collection letters from Defendant concerning debts used primarily for personal, household, or family purposes within one year prior to the filing of this complaint substantially similar to Exhibit A of the Complaint.**

24. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

## Numerosity

25. Upon information and belief, Defendant has sent debt collection letters like this to hundreds of consumers throughout the State of New Jersey, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

26. The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

27. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

## Common Questions of Law and Fact

28. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

## Typicality

29.     The Plaintiff's claims are typical of the claims of the class members.  Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

## Protecting the Interests of the Class Members

30.     Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

31.     Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

## Proceeding Via Class Action is Superior and Advisable

32.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

33.     The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

34.     Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

35.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the said messages violate 15 U.S.C. § 1692e(11) is

tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

36. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

37. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

38. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

39. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

40. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq*

41.     Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

42.     Defendant's collection letter fails to properly inform consumers of the identity of the current creditor. Accordingly, Defendant has violated Section 1692g(a)(2) of the FDCPA.

43.     Defendant's letter also falsely threatens Plaintiff that it may collect interest in violation of Section 1692e, e(2), and e(10).

WHEREFORE, Plaintiff, David Baum, respectfully requests that this Court do the following for the benefit of Plaintiff:

a.     Enter an Order declaring Defendants actions, as described above, in violation of the FDCPA;

b.     Enter an Order for Injunctive Relief preventing Defendant from using said collection letters to collect debts from consumer debtors;

c.     Appoint Plaintiff as the Class Representative, and appoint Plaintiff's Counsel as Lead Counsel for the Class;

d.     Enter a judgment against Defendants for statutory damages, pursuant to 15 U.S.C. § 1692k;

e.     Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k; and

f.      Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

44.     Plaintiff demands a jury trial on all issues so triable.

Dated this 29th of May, 2018.

        Respectfully Submitted,


        /S/ Daniel Zemel
        Daniel Zemel, Esq.
        **Zemel Law LLC**
        1373 Broad Street, Suite 203-C
        Clifton, New Jersey 07013
        P: 862-227-3106
        dz@zemellawllc.com
        Attorney for Plaintiff